No. 2058.—In the matter of the Tutorship of the Minor, JOHN G. SCOTT.

A tutor is a competent witness to prove the correctness of his tutorship account. Acts of 1868, page 269.

A tutor, in making up an account of his tutorship, when he has engaged in planting in partnership with another with the property under his control belonging to his ward, the plantation expenses must first be separated from the individual expenses, and after deducting them from the proceeds of the crop, the balance must be proportionately divided, and the individual expenses chargeable to the minor must be deducted from his portion.

APPEAL from the Parish Court of Tensas, *Steele, J. Farrar & Reeves,* for tutor and appellant. *Julius Aroni,* for opponent.

HOWELL, J. John F. Goodrich, tutor of the minor, John G. Scott, filed an account of his administration, which contains only the proceeds of certain cotton sold in 1861, 1863, 1864 and 1866, from which he deducts certain expenses incurred in saving the said cotton from being burned, hauling, shipping, etc., and of the balance he allows the minor one-third, from which he deducts a bill of the private expenses of the minor and his slaves, leaving a balance in favor of the tutor. The said John G. Scott having just become of age, opposed the homologation of the account, alleging that his tutor had failed to account for certain specifically described movable property belonging to him, and taken charge of by said tutor; and that without authority of law the latter had formed an agricultural partnership between them, and worked the land of both with an equal number of slaves, stock, implements, etc., of each, with which a much larger amount of cotton had been made than set out in the account, all of which makes his said tutor indebted to him in the sum of over $15,000, for which he asks judgment with interest and mortgage.

On the trial of the opposition, a bill of exception was taken to the competency of the tutor as a witness in his own behalf, on the ground that the law required written evidence to establish the correctness of a tutor's account. The law of 1868, p. 269, does not make such requirement, but permits any one of proper understanding to be a witness of any covenant or fact whatever in civil matters, with the exception that a husband and wife shall not testify for or against each other, and it repeals all laws contrary to its provisions. The tutor was a competent witness; but we think the evidence in the record is so meagre and unsatisfactory, and the accounts filed so confused and imperfectly explained, that justice to both parties requires the cause to be remanded

to enable them to show how their accounts really stand. We do not think the general statement of the tutor, that "items which are enumerated in said account, which go to make up the aggregate expenses of said $1942 32, sworn to as correct," makes proof of the various and unusual items of said account of expenses for saving, rebaling, hauling and shipping the cotton. On the theory that the cotton was made by and belonged to a partnership, or the parties jointly, or adopted by both parties, the plantation expenses should be separated from the incidental expenses, and after deducting the former from the proceeds of the crop, the proceeds should be proportionately divided, and the individual or private personal expenses of the minor deducted from his portion. His individual property which passed into the control of the tutor, should be delivered to him or accounted for.

It is therefore ordered that the judgment appealed from be reversed, and the cause remanded for further proceedings according to law. The appellee to pay costs of appeal.